```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 ------------------------------------------------------------X
  R&D HOTEL, LLC,                              :
                              Plaintiff,       :
                                               :      15-CV-7285 (JPO)
           -v-                                 :
                                               :      OPINION AND ORDER
  THE STOP & SHOP SUPERMARKET                  :
  COMPANY LLC,                                 :
                              Defendant.       :
 ------------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

Plaintiff R&D Hotel, LLC ("R&D") initiated this action on September 15, 2015, and filed an Amended Complaint on November 3, 2015, alleging breach of contract. (Dkt. Nos. 1, 8.) Defendant The Stop & Shop Supermarket Company, LLC ("Stop & Shop") moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Civil Rule 7.1(a) for failure to state a claim upon which relief can be granted. (Dkt. No. 16.) For the reasons that follow, the motion is granted.

**I.     Background**

The following facts, which are taken from R&D's Amended Complaint, are presumed true for the purpose of this motion.

On or about September 3, 2013, the parties executed a lease ("the Lease"), which provided that Stop & Shop would rent and develop a plot of land owned by R&D in Poughkeepsie, New York ("the Property"). (Dkt. No. 8 ¶¶ 4, 7; Dkt. No. 8-1.)

The Lease provided that several "pre-conditions" must be satisfied by R&D before the lease term would start ("the Landlord Approvals"), one of which required R&D to obtain "final and unconditional . . . and unappealable" government approvals for development of the Property.

1

(Dkt. No. 8-1 at 3.)  As of September 2013, when the Lease was executed, the Landlord Approvals had been obtained, but were under appeal by a third party.  (Dkt. No. 8 at ¶ 8.)

The Lease also included the following provision ("the Termination Clause"), under the heading "Tenant's Termination Right":

> In the event that any one or more of the pre-conditions set forth [above] shall not have occurred and/or be subsisting on or before December 20, 2013, (the "*Cut-Off Date*"), then Tenant shall have the right, by written notice to Landlord within thirty (30) days thereafter, to cancel and terminate this lease.  *In addition, if Tenant in its sole discretion is not satisfied that all Approvals have been or will be obtained upon terms and conditions satisfactory to Tenant prior to the Cut-Off Date, then Tenant shall have the right to cancel and terminate this lease by written notice to Landlord given at any time prior to the Cut-Off Date.*

(Dkt. No. 8-1 at 6 (emphasis added).)  This provision went on to acknowledge the existence of the pending appeal and provided that "Landlord and Tenant agree that [the] Cut-Off Date shall be extended to the date of the final determination of all appeals of Landlord's Approvals."  (*Id.*)

On November 30, 2013, Stop & Shop notified R&D that it intended to terminate the Lease.  (Dkt. No. 8 ¶ 9.)  R&D replied on December 3, 2013, with "a notice rejecting such termination."  (*Id.* ¶ 10.)  Stop & Shop has treated the Lease as terminated.  (*Id.* ¶ 12.)

Nearly two years later, R&D initiated this action by filing suit in this Court alleging breach of contract.  (Dkt. Nos. 1, 8.)  Stop & Shop has moved to dismiss the action for failure to state a claim.  (Dkt. No. 16.)

## II.     Discussion

When considering a Rule 12(b)(6) motion to dismiss, "[t]he Court must examine the complaint for 'facial plausibility,' considering whether the 'factual content' 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Tongue v. Sanofi*, 816 F.3d 199, 209 (2d Cir. 2016) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).  In doing so, the Court must "construe the complaint liberally, accept all factual

2

allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor." *Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176 (2d Cir. 2013) (alterations omitted) (quoting *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir. 2002)).  The Court may "consider any written instrument attached to the complaint" and "statements or documents incorporated into the complaint by reference."  *Tongue,* 816 F.3d at 209 (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

R&D alleges that Stop & Shop breached the Lease by "unilaterally terminating it" prior to the Cut-Off Date.  (Dkt. No. 18 at 1; *see* Dkt. No. 8 ¶ 8.)  Stop & Shop counters that, pursuant to the Termination Clause, it had the right to terminate the Lease "in its sole discretion" "at any time" prior to the Cut-Off Date.  (Dkt. No. 17 at 10; *see* Dkt. No. 8-1 at 6.)  In the alternative, Stop & Shop argues that R&D cannot bring an action for breach of lease because R&D "has not adequately pled its own performance under the contract."[1]  (Dkt. No. 17 at 11.)

The parties agree that New York law governs the Lease.  (Dkt. No. 18 at 3.)  Under New York contract law, "[w]here the parties set down the terms of their agreement . . . in a clear and unambiguous writing, the agreement should be enforced according to its plain meaning." *Rosen's Café, LLC v. 51st Madison Gourmet*, 986 N.Y.S.2d 51, 52 (App. Div. 2014) (citing *W.W.W Assocs. v. Giancontieri,* 566 N.E.2d 639, 642 (N.Y. 1990)).  "To state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages."  *19 Recordings Ltd. v. Sony Music Entm't*, 97 F. Supp. 3d 433, 438 (S.D.N.Y. 2015) (quoting *Harsco Corp. v. Segui,* 91 F.3d 337, 348 (2d Cir. 1996)).

---

[1]   Because this matter is resolved on other grounds, this Court does not reach Stop & Shop's contention that R&D failed to allege adequate performance.

This dispute centers on the third prong of the inquiry: whether the complaint adequately alleges that there was, in fact, any breach of the Lease.

The Termination Clause in the Lease clearly and unambiguously provides Stop & Shop with substantial freedom to terminate the Lease "in its sole discretion" "at any time prior to the Cut-Off Date" if it "is not satisfied that all Approvals have been or will be obtained upon terms and conditions satisfactory to [it] prior to the Cut-Off Date." (Dkt. No. 8-1 at 6.)

The parties agree that Stop & Shop's termination occurred prior to the Cut-Off Date. They also agree that, at the time of termination, all Approvals had not been "final[ly] and unconditional[ly] . . . and unappealabl[y]" obtained, as there was a then-pending appeal of a required Approval. (Dkt. No. 8-1 at 3; Dkt. No. 8 at ¶ 8.)

The Lease thus permitted Stop & Shop to terminate the Lease unilaterally ("in its sole discretion") if it was "not satisfied" that the Approval would be finally obtained prior to the Cut-Off Date upon terms and conditions that it alone deemed "satisfactory." R&D has not pleaded facts sufficient for the Court to reasonably infer that Stop & Shop's termination was in breach of this permissive Termination Clause. R&D does not allege that the Approval had been finally obtained. Nor does R&D allege that it would certainly be obtained by the Cut-Off Date. Nor does R&D allege that Stop & Shop's termination was in bad faith. R&D suggests only that "[i]f [Stop & Shop]'s action was not justified, then [its] unilateral termination . . . was improper," without pleading any facts to support a plausible inference that this is the case here. (Dkt. No. 18 at 7.) To paraphrase a classic television commercial: Where's the breach?

R&D's arguments to the contrary are insufficient to survive the motion to dismiss. Though R&D urges the Court to adopt several creative interpretations of the Lease, "[t]he

4

language of a contract is not made ambiguous simply because the parties urge different interpretations." *Seiden Assocs., Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992).

R&D first argues that if Stop & Shop "could unilaterally terminate the Lease (without consequence), regardless of Plaintiff's compliance with the Lease, then there was never a legitimate agreement between the parties." (Dkt. No. 18 at 5.) However, "[u]nder New York law, a contract is not illusory merely because its terms give discretion to one party to the contract," because "every contract encompasses the implied duty of good faith and fair dealing." *Lebowitz v. Dow Jones & Co.*, 508 F. App'x 83, 84 (2d Cir. 2013). So "[w]here the contract contemplates the exercise of discretion, [it] includes a promise not to act arbitrarily or irrationally in exercising that discretion." *Fishoff v. Coty Inc.*, 634 F.3d 647, 653 (2d Cir. 2011) (quoting *Dalton v. Educ. Testing Serv.*, 663 N.E.2d 289, 292 (N.Y. 1995)). It follows that, absent allegations that Stop & Shop's termination was arbitrary or irrational, which R&D fails to offer, the fact that the Lease vested substantial discretion in Stop & Shop does not render it invalid.

R&D next argues that the Termination Clause is contradicted by a later provision in the Lease, which expressly acknowledges that "as of the execution date of this Lease, there is an appeal of the Landlord Approvals pending" and extends the Cut-Off Date "to the date of the final determination of all appeals of Landlord's Approvals." (Dkt. No. 18 at 6; Dkt. No 8-1 at 6.) R&D contends that if Stop & Shop "could unilaterally terminate the Lease without cause, then the parties['] agreement to extend the Cut-Off Date would have no purpose." (Dkt. No. 18 at 6.) But that is not so. As Stop & Shop points out, the extension of the Cut-Off Date until the appeals of the Landlord Approvals were resolved evinces the parties' intent to extend, not restrict, Stop & Shop's termination right: The term extending the Cut-Off Date endows Stop & Shop with the

power to terminate the lease unilaterally for a longer time period. (Dkt. No. 19 at 7.) It does not prevent Stop & Shop from exercising its substantial discretion to terminate the lease within that extended time frame. R&D's second argument therefore fails.

R&D thus fails to plead facts that plausibly suggest that Stop & Shop breached the terms of the Lease. Accordingly, this Court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged"—because no remediable misconduct has in fact been alleged. *Tongue,* 816 F.3d at 209 (quoting *Iqbal,* 556 U.S. at 678).

### III. Conclusion

For the foregoing reasons, the defendant's motion to dismiss is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 16 and to close this case.

SO ORDERED.

Dated: August 15, 2016
        New York, New York

_____
                    J. PAUL OETKEN
                    United States District Judge